UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-80934-CIV-MARRA/JOHNSON

DAWN WIEMER,

    Plaintiff,

v.

FELBERBAUM & ASSOCIATES, P.A.,

    Defendant/Third-Party Plaintiff.

v.

ADP TOTALSOURCE III, INC.,

    Third-Party Defendant
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant/Third-Party Plaintiff Felberbaum & Associates, P.A.'s Motion to Strike Affirmative Defenses [DE 22].  Third-Party Defendant ADP Totalsource III, Inc. filed a response [DE 26].  No reply memorandum was filed. The Court has carefully considered the motion and is otherwise fully advised in the premises.

On October 11, 2007, Plaintiff Dawn Wiemer filed a Complaint against Defendant Felberbaum & Associates, P.A. ("Felberbaum") alleging violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA")  [DE 1].  Subsequently, Felberbaum filed a Third-Party Complaint [DE 6] against Third-Party Defendant ADP Totalsource III, Inc. ("ADP") for Breach of Contract, Common Law Indemnification and Contractual Indemnification based on ADP's allegedly inadequate provision of human resources services to Felberbaum pursuant to a contract between ADP and Felberbaum.  Along with its Answer [DE 18], ADP asserted

numerous Affirmative Defenses which include: failure to state a claim upon which relief can be granted, waiver, statute of limitations, estoppel, laches, failure to mitigate damages, discharge of contractual obligation, unclean hands, abandonment of contract and preclusion based on Felberbaum's alleged breach of contract. (Affirmative Defenses 1-10.)  In addition, ADP alleges that it was not Plaintiff's employer for purposes of the FLSA (Affirmative Defense 11) and that it is entitled to indemnification from Felberbaum (Affirmative Defense 13).  Felberbaum moves to strike these affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[1]

In its motion, Felberbaum argues that Affirmative Defenses 1-10 fail to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires that affirmative defenses be pled with enough specificity or factual support to give fair notice of the defense being asserted. (Mot. at 3.)   With respect to Affirmative Defense 11  (ADP was not the employer), Felberbaum posits that this defense "simply denies an element of Felberbaum's prima facie case, and is not an appropriate defense." (Mot. at 3.)  Lastly, with respect to Affirmative Defense 13, Felberbaum contends that indemnification is not an affirmative defense. (Mot. at 4.) In response, ADP asserts that its Affirmative Defenses comply with Rule 8 of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f).  Motions to strike, however, are generally disfavored by the court. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir.1991).  The reason is

---

[1] Felberbaum had moved to strike affirmative defenses 12 and 14.  ADP, however, has agreed to withdraw these defenses. (Resp. at 3.)

that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962)[2] quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953). That stated, an affirmative defense may be stricken if the defense is "insufficient as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Id.

Here, Felberbaum complains that Affirmative Defenses 1-10 have not been pled with adequate specificity to give fair notice of the defense asserted. The Court agrees. That failure, however, does not render these Affirmative Defenses insufficient as a matter of law and subject to a motion to strike. Instead, the lack of specificity is best dealt with by a motion for a more definite statement under Rule 12(f) of the Federal Rules of Civil Procedure. That Rule requires a more definite statement when a pleading is "vague" or "ambiguous." Fed. R. Civ. P. 12(f). The Court notes that, while Affirmative Defenses 1-10 fail to provide the required specificity, ADP's response memorandum does provide the necessary specificity to support these Affirmative Defenses. Therefore, ADP will be granted leave to amend Affirmative Defenses 1-10.

With respect to the remaining Affirmative Defenses, the motion to strike will be granted.

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Affirmative Defense 11 is not an affirmative defense, but a denial of an allegation lodged against ADP by Felberbaum in the Third-Party Complaint; namely, that Plaintiff was employed by ADP. (Third-Party Compl. ¶ 23.)  See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.")  In fact, ADP denies that allegation in its Answer to the Third-Party Complaint, thus making this affirmative defense redundant. (Third-Party Answer ¶ 23.)  Hence, Affirmative Defense 11 is stricken.

Lastly, Affirmative Defense 13 seeks indemnification from Felberbaum and reserves the right to file a counterclaim for contractual indemnification.   Indemnification is a distinct cause of action.  It is not an affirmative defense.  *Federal Deposit Insurance Corporation v. Scott,* 125 F.3d 254, 259-60 (5th Cir. 1997); *Federal Deposit Insurance Corporation v. Niblo,* 821 F. Supp. 441, 457 (N.D. Tex. 1993).  Nor is reserving a right to assert a claim for indemnification an affirmative defense.  *See Reis Robotics USA, Inc. V. Concept Industries, Inc.,* 462 F. Supp.2d 897, 907 (N.D. Ill. 2006); *Kelley v. Thomas Solvent Co.,* 714 F. Supp. 1439, 1452 (W.D. Mich. 1989).[3]  As such, Affirmative Defense 13 is stricken.  ADP, however, is granted leave to file a counterclaim for indemnification if it chooses to do so.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant/Third-Party Plaintiff Felberbaum & Associates, P.A.'s Motion to Strike Affirmative Defenses [DE 22] is **GRANTED IN PART AND DENIED IN PART.**

---

[3] To the extent ADP is attempting to assert indemnification as a defense of set-off or recoupment, the Court directs its attention to the discussion in the case of *St. Regis Band of Mohawk Indians ex rel. Francis v. New York,* 278 F. Supp. 2d 313, 352-355 (N.D.N.Y. 2003).

2)   Third-Party Defendant ADP's Affirmative Defenses 11 and 13 are **STRICKEN.**

3)   Third-Party Defendant ADP is granted leave to amend Affirmative Defenses 1-10 and to file a counterclaim for indemnification, if it chooses, in accordance with the directives set forth in this Order.  The amendments shall be filed **within ten days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of February 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies to:

All counsel of record